**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**STATE OF ARKANSAS ex rel.**
**DUSTIN MCDANIEL, Attorney General**                                **PLAINTIFF**

**V.**                                          **NO. 4:09CV00354**

**VEHICLE SERVICES, INC.**                                           **DEFENDANT**

### ORDER

Pending are motions filed by the State of Arkansas ("the State") to compel discovery, docket #11, and by Vehicle Services, Inc.("VSI") for protective order, docket # 15, and for summary judgment, docket # 16.  For the reasons set forth herein, the State's motion to compel is GRANTED, VSI's motions for protective order and for summary judgment are DENIED.

### Brief Facts

On May 12, 2009, the State filed a Complaint against VSI alleging that it had violated various federal and state telemarketing laws in its efforts to sell extended automobile warranties.  On September 21, 2009, the State served its First Set of Interrogatories and Requests for Production upon VSI.  VSI failed to respond to the discovery.  The State seeks to compel VSI to respond to its discovery.

In response to the State's motion to compel, VSI seeks a protective order claiming that the State has failed to set forth facts which support their "conclusory allegations."  VSI claims that the State failed to identify any person who claims to have received an illegal contact, the date of any alleged illegal contact or the telephone number to which the illegal contact was made.  VSI asserts that the State's discovery is a "fishing expedition" in an effort to obtain information in an attempt to create a case where one does not exist.  VSI also moves for summary judgment.

### Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Discussion</u>

VSI bases its argument in support of summary judgment on the fact that the State failed to identify "a single person who claims to have received an illegal contact, the date of any alleged illegal contact, or the telephone number to which this illegal contact was made."  In response to the pending motion, the State argues that VSI consciously designed its telemarketing program to disable Arkansas consumers from linking the company to its unlawful acts, a practice known as "spoofing."  Spoofing involves the display of disconnected and inoperable telephone numbers on caller identification systems.

The State presented the affidavits of Brian Shelby, Network Specialist for the Office of the Arkansas Attorney General and Jason B. Stewart, Chief Investigator for the Public Protection Department of the Office of the Arkansas Attorney General.  Mr. Shelby states that he received a call from the telephone number (208) 664-0749 in Mr. Stewart's presence and Mr. Stewart took the telephone to Jim DePriest, Deputy Attorney General.  Mr. Stewart affirms that on May 6, 2009, while in his presence, Mr. Shelby received a call from telephone number (208) 664-0749.  The phone call was answered by Deputy Attorney General Jim DePriest.  The caller proceeded to sell Mr. DePriest an automobile warranty for his 2003 Lincoln vehicle.  On May 26, 2009, "Christina," who identified herself as being with Vehicle Services, Inc. left a message for Mr. DePriest on his voice mail to call her back at (866) 315-1555 regarding the warranty for his 2003 Lincoln automobile.  Mr. Stewart recorded the message from VSI and found the same toll free number listed on the website for the company, www.vsiwarranty.com.

Mr. Stewart conducted an investigation and discovered two complaints within a complaint system maintained by the Federal Trade Commission indicating that the telephone number (208) 664-0749 had been used in unlawful telemarketing efforts.  Twenty additional

complaints concerning the same telephone number were found in a complaint spreadsheet created and maintained by the Office of the Attorney General.  A subpoena to determine the person or entity to which this number was registered revealed that the number has not been in service since 2005.

The Court finds that genuine issues of material fact exist which preclude the entry of summary judgment.  Further, at this early stage in the proceedings, the Court finds the State's failure to disclose the above facts in its Rule 26 disclosures harmless.

Accordingly, VSI's motions for protective order and for summary judgment are denied.  The State's motion to compel is granted.  VSI is directed to provide full and complete responses to the State's discovery requests within twenty (20) days of the entry of this Order.

IT IS SO ORDERED this 14th day of January, 2010.

James M. Moody
United States District Judge